# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE WHITE,

        Plaintiff,

v.

P. MELMAN, S. HENNING, JAMES STOCKWELL, CAPTAIN REDEKER, W. STRELOW, C. ENGEBREGTSEN, S. DEYOUNG, CAPTAIN JOHN DOE, PETER JAEGER, and JOHN DOE,

        Defendants.

Case No. 19-CV-541-JPS

**ORDER**

      Plaintiff Jermaine White, who is incarcerated at John C. Burke Correctional Center, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his civil rights. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee, or *in forma pauperis*. (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $24.97. *See* 28 U.S.C. § 1915(b).

      The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that various employees at the institution where he is confined, and the Wisconsin Department of Corrections generally, denied him due process under the Fourteenth Amendment. (Docket #1). Specifically, he lost his prison job, was subject to discipline including segregated confinement, and was reclassified to a higher security level all because of an allegedly false-positive drug screen. *Id.* Defendants participated in various stages of the testing and discipline processes, and Plaintiff says they botched those processes in many ways. *Id.* Plaintiff seeks money damages and injunctive relief. *Id.*

Plaintiff fails to state a viable cause of action for denial of due process. Such a claim requires Plaintiff to show "that the State deprived him

of a protected liberty or property interest and that the deprivation occurred without adequate due process." *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 926–27 (7th Cir. 2007). Courts have held that prisoners do not have protected interests in their prison jobs, *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018) ("[P]risoners have no liberty interest in their jobs[.]"), in freedom from moderate terms of segregated confinement, *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698–99 (7th Cir. 2009) ("[S]ix months of segregation is not such an extreme term and, standing alone, would not trigger due process rights," contrasted against Plaintiff's segregation of barely more than a month) (quotation omitted), or in a particular security classification, *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system."). Without a protected liberty or property interest at stake, Plaintiff does not present a valid constitutional claim.

In light of the foregoing, the Court will dismiss this action with prejudice. It will also deny Plaintiff's pending motions for appointment of counsel, (Docket #4), and for a preliminary injunction, (Docket #6), as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (Docket #4) and for a preliminary injunction (Docket #6) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge